## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

GEORGE M. TUCKER,         :
                                :

         Plaintiff,       :
                                :

     v.                  :       CIVIL ACTION NO.
                                :       2:12-CV-00184-RWS

McCURDY & CANDLER, LLC,   :
                                :

        Defendant.     :
                                :

                                :

## ORDER

This case is before the Court on Defendant's Motion to Dismiss [6].

After reviewing the record, the Court enters the following Order.

### Background

This dispute relates to property located at 2816 Legislative Lane, Buford,

Georgia 30519 ("Property").  To purchase the Property, Plaintiff took out a loan

and executed a promissory note ("Note") in favor of Taylor, Bean & Whitaker

Mortgage ("Taylor Bean") in the amount of $245,000.[1]  Under the terms of the

---

[1] Unless otherwise noted, the facts are taken from the Complaint [5].  At this stage, the Court accepts as true all well-pleaded facts in the Complaint.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Where necessary for a more complete statement of the facts giving rise to Plaintiff's claims, the Court references documents in the record.

Note, failure to make any monthly payment on its due date would be declared a default.  To secure the loan, Plaintiff executed a Security Deed, which named Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lender and Lender's successors and assigns, as Grantee, and identified Taylor Bean as the Lender.  (Security Deed, Dkt. [6-1].)

Taylor Bean went out of business around August or September of 2009. Plaintiff did not tender Note payments in August or September 2009 because there was no method of payment available to Plaintiff (e.g., online, by telephone, etc.).  Cenlar FSB contacted Plaintiff by phone in October 2009 and indicated that they were taking over management and servicing of Plaintiff's loan from Taylor Bean.  Around February 2010, Plaintiff stopped making mortgage payments.  The record shows that on June 13, 2011, MERS, as nominee for Taylor Bean, assigned the Security Deed to Cenlar FSB. (Assignment, Dkt. [6-2].)

By letter dated March 30, 2012, apparently in response to an inquiry from Plaintiff, Cenlar Central Loan Administration & Reporting notified Plaintiff:

- Your loan is owned by the Federal Home Loan Mortgage Corporation ("Freddie Mac") and it is the current holder of the note.

2

- Cenlar is not in possession of the original note. The original note is in the possession of Freddie Mac's custodian and cannot be released for viewing purposes.

- Cenlar does not hold title to your property; Cenlar services your loan on behalf of Freddie Mac. . . .

- Your loan is in a mortgage-backed security of Freddie Mac; Cenlar has no further information.

McCurdy & Candler, LLC ("McCurdy"), as counsel for Cenlar FSB, sent two separate Notices of Foreclosure Sale, along with two Notices Pursuant to Fair Debt Collection Practices Act, to Plaintiff.  (Dkt. [5-1], Dkt. [5-2].)  The notices were dated April 20, 2011, and April 26, 2012.  Both notices identified Cenlar FSB as the creditor and Cenlar Central Loan Administration & Reporting as the servicer and entity with the full authority to discuss, negotiate, or change the terms of Plaintiff's loan.  Both notices contained the following statement: "This law firm is acting as a debt collector and is attempting to collect a debt and any information obtained will be used for that purpose."  It does not appear from the record that a foreclosure sale has occurred.

## Discussion

## I.      Legal Standard - Motion to Dismiss

3

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice." <u>Iqbal</u>, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." <u>D.L. Day v. Taylor</u>, 400 F.3d 1272, 1275-76 (11th Cir. 2005); <u>see also</u> Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  <u>D.L. Day</u>, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." <u>Id.</u> (citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." <u>Id.</u>

Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore,

AO 72A
(Rev.8/82)

be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.    Analysis

Plaintiff's Complaint contains a single count: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601, *et seq*. Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, Defendant's motion is **GRANTED**.

Plaintiff alleges that McCurdy "violated the FDCPA by failing to identify the actual creditor in debt collection communications covered by the FDCPA and by falsely stating that Cenlar FSB . . . was the creditor of Plaintiff when in fact Cenlar was not the creditor of Plaintiff, but was only the servicer, and in fact itself a debt collector (as defined in the FDCPA), of the Plaintiff's mortgage debt for Federal National Mortgage Association . . . ." (Complaint, Dkt. [5] ¶ 1.) Specifically, Plaintiff claims that Defendant violated §§ 1692e and 1692g(2) of the FDCPA. (<u>Id.</u> ¶¶ 25-29.) Defendant argues that Plaintiff's

AO 72A
(Rev.8/82)

claim fails for two reasons: (1) no provision of the FDCPA was breached or could have been breached by Defendant because foreclosure of real property is not a debt collection activity under the FDCPA and Defendant is not a "debt collector" under the FDCPA; and (2) Cenlar FSB was properly identified as the creditor in the foreclosure notices. (Def.'s MTD, Dkt. [6] at 6-12.)  Plaintiff's response brief does not address these contentions.  (See generally, Pl.'s Resp. Br., Dkt. [11].)

To prevail on a FDCPA claim, Plaintiff must show: "(1) [he] has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."  Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).  Under the FDCPA, a "debt collector" is defined as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ."  15 U.S.C. § 1692a(6).

The only activity that forms the basis of Plaintiff's FDCPA claim is Defendant's work as foreclosure counsel.  (See generally, Complaint, Dkt. [5].) As Defendant notes, "foreclosing on a security interest is not debt collection activity for purposes of § 1692g."  Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460 (11th Cir. 2009).  In fact, "[n]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for the purposes of the FDCPA."  Acosta v. Campbell, No. 6:04CV761 ORL28DAB, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) (citations omitted).  The Eleventh Circuit has concluded, "if a person enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act."[2]  Warren, 342 Fed. App'x at 460; see also Acosta, 2006 WL 3804729, at *4 ("Security enforcement activities fall

---

[2] There is one exception under the FDCPA, which is not applicable here. Section 1692f(6) makes it unlawful to take or threaten to take "any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."  Plaintiff has not raised a claim under § 1692f(6).  Therefore, the general rule that enforcement of security interests is not a debt collection activity under the FDCPA applies.

outside the scope of the FDCPA because they are not debt collection practices.") (citations omitted).

Therefore, the Court agrees with Defendant that Plaintiff has not stated a claim for relief under the FDCPA because Defendant's actions as Cenlar FSB's foreclosure counsel (i.e., attempting to enforce its client's security interest) do not constitute debt collection activities under the FDCPA and Defendant is not a "debt collector" under the Act.

### Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [6] is **GRANTED**.

**SO ORDERED**, this  8th  day of May, 2013.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9